UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOEL UVILES, *on behalf of himself and all others similarly situated*,

                        Plaintiff,

— against —

THE CITY OF NEW YORK and ANTHONY J. ANNUCCI, Acting Commissioner for the New York State Department of Corrections and Community Supervision, *in his official capacity*,

                        Defendants.

Index No. 19-CV-3911 (BMC)

ORAL ARGUMENT REQUESTED


## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO RECONSIDER

DAVID B. SHANIES LAW OFFICE

David B. Shanies
Joel A. Wertheimer
411 Lafayette Street, Sixth Floor
New York, New York 10003
(212) 951-1710 (*Tel*)
(212) 951-1350 (*Fax*)
david@shanieslaw.com
joel@shanieslaw.com

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................2

BACKGROUND .....................................................................................................................3

APPLICABLE LAW ................................................................................................................4

DISCUSSION..........................................................................................................................5

    I.    The Court Should Consider *McDay v. Travis*'s Holding and Plaintiff's Argument That A Parole Warrant Is Invalid Where A Revocation Hearing Is Not Timely Held ..........................................................................................................................5

    II.   The Court Should Reconsider Reliance on the Alleged Warrant ............................11

    III.  The Court Should Permit Plaintiff to Amend as Necessary ....................................13

CONCLUSION .....................................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*AEI Life LLC v. Lincoln Beneficial Life Company*, 892 F.3d 126 (2d Cir. 2018)........................10

*Bank v. American Home Shield Corporation*, 2013 U.S. Dist. LEXIS 29546
(E.D.N.Y. Mar. 4, 2013)..............................................................................................................9

*Delena v. Verizon New York, Incorporated*, No. 02-cv-0372,
2009 U.S. Dist. LEXIS 100925 (W.D.N.Y. Oct. 27, 2009)........................................................9

*Fero v. Excellus Health Plan, Incorporated*, 304 F. Supp. 3d 333 (W.D.N.Y. 2018)...................9

*Foman v. Davis*, 371 U.S. 178 (1962)........................................................................................13

*Henderson v. Metropolitan Bank & Trust Company*, 502 F. Supp. 2d 372 (S.D.N.Y. 2007) .....5

*Koehler v. Metropolital Transportation Authority*, 214 F. Supp. 3d 171 (E.D.N.Y. 2016).........9

*Krohn v. New York City Police Department*, 341 F.3d 177 (2d Cir. 2003) ................................4

*Lora v. O'Heaney*, 602 F.3d 106 (2d Cir. 2010) .........................................................................5

*Matter of White v. New York State Division of Parole*, 60 N.Y.2d 920 (1983) ........................10

*McDay v. Travis*, 303 F. App'x 928 (2d Cir. 2008) ...........................................................*passim*

*Pahuta v. Massey-Ferguson, Incorporated*, 170 F.3d 125 (2d Cir. 1999) .................................10

*Parrish v. Sollecito*, 253 F. Supp. 2d 713 (S.D.N.Y. 2003)..........................................................5

*People ex. rel. Johnson v. New York State Board of Parole*,
418 N.Y.S.2d 418 (N.Y. App. Div. 1st Dep't 1979).................................................................10

*People ex rel. Johnson v. New York State Division of Parole*,
148 A.D.2d 401 (N.Y. App. Div. 1st Dep't 1989)....................................................................10

*People ex rel. Melendez v. Warden, Rikers Island*,
214 A.D.2d 301 (N.Y. App. Div. 4th Dep't 1995)....................................................................10

*People ex rel. Mitchell v. Warden, Anna M. Kross Correctional Facility*,
29 N.Y.S.3d 848 (Bronx Sup. Ct. 2015) ..................................................................................10

*People ex. rel. Rosenfeld v. Sposato*, 928 N.Y.S.2d 350 (N.Y. App. Div. 2nd Dep't 2011)......11

*Shrader v. CSX Transportation, Incorporated*, 70 F.3d 255 2d Cir. 1995)...................................5

*United States v. Payne*, 591 F.3d 46 (2d Cir. 2010).......................................................9

*United States v. Tejeda*, 824 F. Supp. 2d 473 (S.D.N.Y. 2010).......................................9

*Williams v. Citigroup Incorporated*, 659 F.3d 208, 212-13 (2d Cir. 2011).................13

**Statutes**

42 U.S.C. § 1983 ...............................................................................................................7

N.Y. Exec. Law § 259-i..........................................................................................5, 6, 7, 12

**Rules**

Fed R. Civ. P. 59(e)........................................................................................................2, 4

Local Rules of the United States District Courts
  for the Southern and Eastern Districts of New York 6.3 ....................................2

**PRELIMINARY STATEMENT**

Plaintiff Joel Uviles respectfully moves this Court, under Federal Rule of Civil Procedure ("Rule") 59 and Section 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), to reconsider its order and opinion (the "Opinion") granting Defendants' motions to dismiss and directing entry of judgment on April 21, 2020. (Docket Entry Nos. 24-25.)

The Court's otherwise considered opinion overlooks the Second Circuit's holding in *McDay v. Travis*, 303 F. App'x 928 (2d Cir. 2008), which held on analogous facts that a parole warrant "ceased to be 'facially valid' . . . after [the] plaintiff was not afforded a probable cause hearing within fifteen days of its issuance." *Id.* at 931. Despite Plaintiff's reliance on *McDay* in both his opposition to Defendants' motions to dismiss and in his Complaint, the Court did not substantively address *McDay* or Plaintiff's argument that a parole warrant ceases to constitute a lawful basis to incarcerate a parolee where a revocation hearing is not conducted within fifteen days.[1]

As a result, the Court concluded incorrectly that "a valid parole warrant" existed for Plaintiff, requiring dismissal. That conclusion was of paramount importance in this case, where the Court found that although "[P]laintiff plausibly alleges the existence of a custom that may routinely deprive parolees of their constitutional rights" (Opinion at 6), his claims nonetheless fail because the existence of a supposedly valid warrant "severs the connection" between the policies alleged and Plaintiff's detention.

---

1. Plaintiff also argued that a parole warrant ceases to constitute a lawful basis to incarcerate a parolee where notice of a preliminary hearing is not provided within three days. *See infra* at 9. *McDay* dealt only with the fifteen-day hearing deadline, but Plaintiff respectfully requests that the Court address both points.

2

(*Id.* at 7.) Because this central aspect of the Court's decision contravenes *McDay*, a decision the Court overlooked, and fails to address an argument Plaintiff properly raised in his opposition papers, reconsideration is appropriate.

Plaintiff respectfully asks the Court to reconsider its decision, address the Second Circuit's holding in *McDay*, and evaluate Plaintiff's argument that a parole warrant does not constitute a lawful basis to incarcerate a parolee where a revocation hearing is not timely held. Plaintiff also asks the Court to reconsider its reliance on a document submitted by Defendant State of New York and certain inferences the Court drew in Defendants' favor based on that document. Finally, Plaintiff asks the Court to reconsider its decision to direct immediate entry of judgment, so as to provide Plaintiff an opportunity to amend his complaint as necessary.

## BACKGROUND

Plaintiff filed this action on July 8, 2019, on behalf of himself and others similarly situated. (Docket Entry No. 1.) The action asserts claims under Section 1983 against the City of New York ("City") and State of New York ("State"), and for false imprisonment and negligence against the City.

Plaintiff alleges that the City and State each maintains policies, practices, and customs that cause persons serving parole terms to be imprisoned, based on so-called "parole holds," without lawful basis. Plaintiff set forth numerous reasons why detentions are often unlawful under the "parole hold" system, including: (1) a parole warrant was never issued, (2) a parole warrant was never executed, (3) the agency detaining the parolee never received a parole warrant, (4) a parolee is not given

3

written notice of a preliminary hearing within three days, and (5) a preliminary hearing is not held within fifteen days. (*See, e.g.*, Complaint ¶¶ 3, 39, 45, 58.)

The City (Docket Entry No. 16) and State (Docket Entry No. 18) moved to dismiss for failure to state a claim on September 11, 2019, and the State also moved to dismiss for lack of subject matter jurisdiction. The State filed with the Court a photocopy of a purported parole warrant in support of its motion. (Docket Entry No. 19-1.)[2] Plaintiff opposed the motions on September 25, 2019. (Docket Entry No. 21.) The Defendants submitted reply briefs on October 2, 2019. (Docket Entry No. 22 and Docket Entry No. 23.) The Court granted the motions to dismiss on April 20, 2020 (Docket Entry No. 24) and entered judgment on April 21, 2020. (Docket Entry No. 25.)

**APPLICABLE LAW**

Rule 59(e) allows a party to move to "alter or amend a judgment" within 28 days after the entry of the judgment. Courts consider a motion made under Rule 59(e) to be a motion for reconsideration. *See Krohn v. N.Y. City Police Dep't*, 341 F.3d 177, 179 (2d Cir. 2003) (noting that a party timely filed for reconsideration under Fed R. Civ. P. 59(e)).

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v.*

---

2. The warrant was submitted through a declaration by an attorney who did not claim (nor appear) to be the document's creator or its custodian; did not state *when* the document was created; and did not state when, if ever, the document was transmitted (or even its existence communicated) to the City of New York. (Docket Entry No. 19.)

4

*CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010). Additionally, the party moving for reconsideration can obtain relief by demonstrating a "clear error" or to "prevent manifest injustice." *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007) (quotation marks and citations omitted); *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003).

## DISCUSSION

### I. The Court Should Consider *McDay v. Travis*'s Holding and Plaintiff's Argument That A Parole Warrant Is Invalid Where A Revocation Hearing Is Not Timely Held

The crux of the Court's holding was that "a valid parole warrant" existed for Plaintiff, providing legal justification for his detention. The Court wrote that the alleged lack of a valid warrant was "central to the harm plaintiff alleges – that 'no legal basis existed for continuing to incarcerate' him once he posted bail." (Opinion at 7.) The Court then concluded that "[b]ecause a valid parole warrant evidences such a 'legal basis,' his claim necessarily fails." (*Id.*) The Court wrote that, "to the extent plaintiff maintains that his detention was unconstitutional because he wasn't afforded the notice-and-hearing process required under § 259-i, that argument is inappropriate in the context of the present *Monell* claim," reasoning that even if "plaintiff suffered a lack of process under New York law that also amounted to a violation of his constitutional rights, such an injury cannot fairly be traced to the City's custom of honoring parole holds" because the "existence of the warrant severs the connection between any

5

deficient process and the alleged custom because defendants didn't abide by that custom in this case." (*Id.*)[3]

The Court's holding that "a valid parole warrant" existed contradicts the Second Circuit's holding in *McDay* and overlooks Plaintiff's argument that even a once-valid parole warrant is no longer valid where no hearing is conducted within fifteen days. In *McDay*, the Second Circuit held that even where a "facially valid" parole warrant may have at one time existed, the warrant "ceased to be 'facially valid' … after plaintiff was not afforded a probable cause hearing within fifteen days of its issuance." 303 Fed. App'x at 931 (*citing* N.Y. Exec. Law § 259-i(3)(c)(i)).

The plaintiff in *McDay* was arrested while on parole and incarcerated on Rikers Island starting December 13, 2001. 303 Fed. App'x at 929-930. A parole warrant was issued that day. *Id.* The maximum expiration date of McDay's parole was July 21, 2002. *Id* at 929. His arrest charges were dropped on July 9, 2002, meaning he was detained for fourteen days beyond the day upon which the warrant became the sole basis to hold him (and two days beyond his maximum expiration date). *Id.* at 929-930. The Circuit wrote of that timeline, that as it was "undisputed that plaintiff received neither a probable cause hearing nor a parole revocation hearing . . . under New York law, the *parole warrant was invalid fifteen days after the warrant's issuance*" and, accordingly, as of December 28, 2001, "the City lacked legal authority to hold plaintiff

---

3. While it is not clear what the Court meant by "that custom" in this context, it appears that it meant a custom of honoring parole "holds" where no parole warrant is issued. As we note in this Motion, however, detaining parolees without the issuance of a warrant is only one aspect of Plaintiff's claims – Plaintiff also alleges a policy and practice of honoring parole "holds" even where: (1) the agency detaining the parolee never received a parole warrant; (2) a parolee is not given written notice of a preliminary hearing within three days; and/or (3) a violation hearing is not held within fifteen days. *See* pages 3-4, *supra*.

6

on the basis of the warrant after that date." *McDay*, 303 F. App'x at 930 (emphasis added).

The Circuit also held that the affidavit submitted by the New York City Department of Correction ("DOC") admitting a parolee will not be released until the New York State Department of Corrections and Community Services ("DOCCS") "lifts" the parole warrant could be read as an admission of liability in the circumstances, writing that rather "than serving as a basis for summary judgment in favor of the City, these uncontradicted assertions might prove to be grounds for the City's liability under 42 U.S.C. § 1983 if they reflect a City policy that resulted in a violation of plaintiff's due process rights." *Id.* at 931. The Circuit concluded that, as here, it "appears that any parole warrant in the City's possession ceased to be 'facially valid' on or about December 28, 2001, after plaintiff was not afforded a probable cause hearing within fifteen days of its issuance." *Id.* at 931 (*citing* N.Y. Exec. Law § 259-i(3)(c)(i)).

As this Court acknowledged, Plaintiff plausibly alleged the existence of a custom and policy of honoring parole "holds" in a manner that "may routinely deprive parolees of their constitutional rights." (Opinion at 7.) That holding is correct and consistent with *McDay*. However, the Court's ruling that a "valid parole warrant" justified all of Plaintiff's incarceration directly contradicts the Second Circuit's holding in *McDay*. Here, as in *McDay*, even "where the City may have been in possession of a parole warrant, in cases where the parolee does not receive a hearing within fifteen days, such warrant ceases to be 'facially valid.'" (Compl. ¶ 65.) Plaintiff also alleged that parolees "are regularly detained for parole 'holds' in cases where: (a) [the State]

7

never issues a parole warrant; (b) [the City] is never delivered a parole warrant; (c) the parolee is not given written notice of a preliminary hearing within three days; and/or (d) the parolee is not given a hearing within fifteen days." (*Id.* at ¶ 73.)

Plaintiff alleged that he was never served with notice of a time or place for a preliminary hearing (Compl. at ¶¶ 45-46) and never received an actual hearing. (*Id.* at ¶ 59.) "Accordingly," Plaintiff alleged, "the State and City had no valid legal basis for holding him." (*Id.* at ¶ 60.) Applying the *McDay* holding here, assuming *arguendo* that a parole warrant was issued on May 22, 2018, that warrant "ceased to be 'facially valid' on or about" June 6, 2018, "after plaintiff was not afforded a probable cause hearing within fifteen days of its issuance." *Cf. McDay*, 303 F. App'x at 931. Plaintiff was incarcerated until June 29, 2018. (Compl. ¶ 56.)

The Court's Opinion did not address Plaintiff's argument that even if a valid parole warrant had initially existed, its validity ended when Plaintiff was not provided notice of a hearing and when the Plaintiff was not provided a hearing in a timely fashion.[4] Instead, the Court relied on a blanket statement that because a parole warrant existed, Plaintiff's detention was legal. Plaintiff addresses the Court's reliance on the document submitted by the State in Section II, *infra*.

With respect to *McDay* being a summary order, Plaintiff notes that denying "summary orders precedent effect does not mean that the court considers itself

---

4. *See, e.g.*, Pl.'s Opp. to Mots. to Dismiss (Docket Entry No. 21) at 21 ("[C]ontrary to the State's argument, the Second Circuit in *McDay* recognized two separate reasons the plaintiff should have been freed … [including] that he was held without due process.") (*citing McDay*, 303 Fed. App'x at 930); 22 ("Mr. Uviles's detention ceased to be privileged once the process used to arrest him ceased to constitute a lawful basis for detaining him (both because of the due process shortfalls and the violation of State law)").

8

free to rule differently in similar cases." *United States v. Payne*, 591 F.3d 46, 58 (2d Cir. 2010). Summary orders are "used to avoid the risk that abbreviated explanations . . . might result in distortions of case law." *See* Second Circuit Order Amending Local Rule 32.1.1 (June 26, 2007). Courts in this Circuit have relied on unpublished decisions by the Court of Appeals, including when granting motions to reconsider.[5]

Likewise, the *McDay* opinion is "germane guidance" and this Court should not "flout" the Second Circuit panel that twice sent the *McDay* action back to the district court on remand. *See United States v. Tejeda*, 824 F. Supp. 2d 473, 475 (S.D.N.Y. 2010); *accord Koehler v. Metro. Transp. Auth.*, 214 F. Supp. 3d 171, 175 (E.D.N.Y. 2016) ("Although . . . an unpublished summary order . . . is not binding on this Court, that does not mean that the Court is free to disregard its guidance.") (citations omitted). There is "no reason to think that the circuit court would reach a different conclusion in this case." *Bank v. Am. Home Shield Corp.*, 2013 U.S. Dist. LEXIS 29546, at *3 (E.D.N.Y. Mar. 4, 2013).

Moreover, the Second Circuit's holding with respect to the invalidity of the warrant is consistent with precedential state law, both from the State Court of Appeals and the intermediate appellate courts of New York, which are binding here.

---

5. *See, e.g., Delena v. Verizon N.Y. Inc.*, No. 02-cv-0372, 2009 U.S. Dist. LEXIS 100925, at *2-4 (W.D.N.Y. Oct. 27, 2009) ("Plaintiff argues that the summary order in *Byrne* has no precedential effect . . . While the order lacks precedential effect . . . this court cannot ignore the conclusion of the Second Circuit that the very allegations at issue in this case, in its view, do not amount to a hostile work environment. . . . Accordingly, the defendant's motion for reconsideration is granted."); *see also Fero v. Excellus Health Plan, Inc.*, 304 F. Supp. 3d 333, 338-41 (W.D.N.Y. 2018) ("Despite the fact that" the intervening Second Circuit decision was a "summary order," the case "strongly implies" that the Second Circuit would rule differently than the court had and while the "Court initially concluded otherwise, and another panel of the Second Circuit squarely addressing the issue might take a different stance" the court granted reconsideration as the unpublished decision was "compelling" and to avoid "manifest injustice").

*See AEI Life LLC v. Lincoln Ben. Life Co.*, 892 F.3d 126, 139 n.15 (2d Cir. 2018) (*quoting Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 134 (2d Cir. 1999) ("We are bound, as was the district court, to apply the law as interpreted by New York's intermediate appellate courts . . . unless we find persuasive evidence that the New York Court of Appeals would reach a different conclusion.")).

New York State courts have clearly held that a failure to provide notice of a parole revocation hearing within three days of incarceration – let alone failure to provide a hearing within fifteen days – renders a parole warrant legally invalid. *See People ex rel. Johnson v. N.Y.S. Div. of Parole*, 148 A.D.2d 401, 403 (N.Y. App. Div. 1st Dep't 1989); *People ex rel. Mitchell v. Warden, Anna M. Kross Corr. Facility*, 29 N.Y.S.3d 848, 2015 N.Y. Misc. LEXIS 4087 at *9 (Bronx Sup. Ct. 2015). Similarly, failure to provide a hearing within fifteen days invalidates the warrant. *See Matter of White v. N.Y.S. Div. of Parole*, 60 N.Y.2d 920, 922 (1983); *People ex rel. Melendez v. Warden, Rikers Is.*, 214 A.D.2d 301, 303 (N.Y. App. Div. 1st Dep't 1995).[6] It is well settled that the timing requirements for parole revocation hearings must be "strictly construed." *People ex. rel. Johnson v. N.Y.S. Board of Parole*, 418 N.Y.S.2d 418, 419 (N.Y. App. Div. 1st Dep't 1979). A failure by DOCCS to conduct a preliminary hearing within fifteen days of execution of the warrant requires that the warrant be vacated, and the parolee reinstated to parole supervision. *Melendez*, 214 A.D.2d at 303; *People ex. rel. Rosenfeld v. Sposato*, 928 N.Y.S.2d 350, 352-353 (N.Y. App. Div. 2nd Dep't 2011).

---

6. The Second Circuit held the same in *McDay*, which involved a failure to provide a hearing within fifteen days of incarceration and was silent on the question of whether notice of a preliminary hearing was provided within three days. 303 Fed. App'x. at 930-31.

The City and State both have obligations to ensure that detained parolees are given required due process or released promptly, and, as Plaintiff alleged, as a matter of policy and practice, they did not. As the Second Circuit held in *McDay*, a parole officer's issuance of a parole warrant does not, in and of itself, authorize a parolee's indefinite detention. The Court should reconsider its ruling to the contrary.

## II. The Court Should Reconsider Reliance on the Alleged Warrant

The Court also held that Plaintiff failed to plausibly allege that a parole warrant did not exist, writing that "the attached parole warrant notwithstanding, the Court concludes independently that plaintiff did not plausibly allege that he was held in custody without a warrant . . . plaintiff's allegations amount to a claim that he never saw his parole warrant, if it existed at all. That falls short of sufficiently averring the warrant's non-existence." (Opinion at 7.)

The Court also concluded, based on the State's submission of a purported warrant in its motion papers, that the warrant, in fact, existed. Seemingly implicit in that conclusion is that the warrant existed at the time Plaintiff was incarcerated, although there are no facts before the Court to indicate when or how the document was created. That conclusion was inappropriate on a motion to dismiss, especially when Plaintiff has not been given the opportunity to conduct discovery. Here, too, *McDay* is relevant. In *McDay*, the Circuit wrote that the "City's argument that it cannot be liable in this case because it held plaintiff pursuant to a 'facially valid' parole warrant, is flawed," in part because "plaintiff has not conceded that it (1) existed and (2) was in fact facially valid," adding that the district court was required to draw all reasonable

11

inferences in favor of plaintiff, meaning it was not free to "conclude that [McDay] was imprisoned pursuant to a parole warrant that was facially valid in all relevant respects." *McDay*, 303 F. App'x at 930.

The Court here should have drawn all reasonable inferences in favor of Plaintiff with regard to the validity of the warrant, including that it was not valid "in all relevant respects." While the document the State submitted has a date written on it, there is no evidence in the record to indicate who created it, when, or what (if anything) was done with it. Plaintiff has also argued that for the City to detain a parolee pursuant to a warrant, the City must actually be in possession of the warrant. *See* N.Y. Exec. Law § 259-i(3) ("A warrant issued pursuant to this section shall constitute sufficient authority to the superintendent or other person in charge of any jail, penitentiary, lockup or detention pen *to whom it is delivered* to hold in temporary detention the person named therein") (emphasis added); *see also* Pl.'s Opp. Mem. at 4 ("To detain a parolee under Executive Law 259-i, the party holding the parolee must possess the parole warrant"). The Court did not address that argument, but, Plaintiff respectfully submits, it should upon reconsideration. Even if the Court were to conclude that a parole warrant justified the State's lodging of a detainer, that does not privilege the City's detention of Plaintiff where there is no indication that the City ever saw a warrant or even knew one existed. This is further reason for the Court to deny the motions to dismiss upon reconsideration.

### III. The Court Should Permit Plaintiff to Amend as Necessary

In the alternative to denying the motions to dismiss upon reconsideration, the Court should vacate the judgment upon reconsideration to provide Plaintiff an opportunity to amend the complaint. "In view of the provision in Rule 15(a) that leave to amend shall be freely given when justice so requires, it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (internal quotations and alterations omitted).

The *Williams* decision relied on the Supreme Court's decision in *Foman v. Davis*, 371 U.S. 178 (1962), where the district court dismissed the complaint for failure to state a claim. The day after judgment was entered, the plaintiff moved to vacate the judgment and to amend her complaint to seek recovery based on additional allegations. The district court denied that motion. 371 U.S. at 179. The Supreme Court reversed and held that the district court abused its discretion in denying leave." *Id.* at 182. The Supreme Court wrote that "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*

As discussed above, the Court should deny the motions to dismiss upon reconsideration for the following reasons:

1. Assuming the State issued a parole warrant, said warrant ceased to serve as a lawful basis to imprison Plaintiff

> when Plaintiff was not given a hearing within fifteen days;
>
> 2. Assuming the State issued a parole warrant, said warrant ceased to serve as a lawful basis to imprison Plaintiff when Plaintiff was not given notice of a preliminary hearing within three days;
>
> 3. Assuming the State issued a parole warrant, said warrant did not privilege the *City's* imprisonment of Plaintiff because the warrant was never delivered to the City, nor was the City informed of its existence; and
>
> 4. Plaintiff does not concede that a valid parole warrant existed at the time of his imprisonment.

To the extent the Court finds that these contentions were not adequately set forth in Plaintiff's original complaint, Plaintiff respectfully requests leave to amend to amplify his pleading on each point. Regarding points 3 and 4, Plaintiff would allege that: (a) a valid parole warrant did not exist at the time of his imprisonment, in whole or in part; (b) no parole warrant was ever delivered to the City or its Department of Correction; and (c) the existence of a parole *warrant* (as opposed to an informal "hold" request) was never communicated to the City or its Department of Correction.

In addition to pleading the non-existence of a valid parole warrant and the fact that no parole warrant was ever delivered (or communicated) to the City, an amended complaint would, if necessary, make clearer that even if a parole warrant initially existed, at least two separate failures to comply with State law and constitutional due process requirements (*i.e.*, both the failure to provide a hearing within fifteen days *and* the failure to provide notice of a preliminary hearing within three days) rendered such warrant invalid, such that it would not "sever[] the

14

connection between any deficient process and the [City's] alleged custom." (Opinion at 7.) The City's policy of abdicating to the State responsibility for determining the legality of parolee detentions led it to honor a mere "hold," *or*, at best, a warrant that became invalid upon the State's failure to comply with State law and constitutional due process, just as in *McDay*. As a matter of policy and practice, the City failed to take any steps to determine whether it had continuing legal basis to hold Plaintiff, and simply placed responsibility on the State, which, in turn, failed timely to lift the "hold" when statutory and due process requirements were not met. The City's detention of Plaintiff was based upon either a mere "hold" request, or, at best for the City, a once-valid warrant that ceased to be a valid basis for imprisoning Plaintiff when statutory and constitutional due process requirements were breached. Insofar as that was insufficiently alleged in Plaintiff's Complaint, Plaintiff respectfully requests leave to replead.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant reconsideration of its Opinion granting Defendants' motions to dismiss and, upon reconsideration, deny both motions. In the alternative, Plaintiff requests leave to replead.

Respectfully Submitted,

Dated: May 19, 2020
New York, New York

DAVID B. SHANIES LAW OFFICE LLC

By: *Daniel D Shanies*

David B. Shanies
Joel A. Wertheimer
411 Lafayette Street, Sixth Floor
New York, New York 10003
(212) 951-1710 (Tel)
(212) 951-1350 (Fax)
*david@shanieslaw.com*
*joel@shanieslaw.com*

*Counsel for Plaintiff Joel Uviles*
*And Proposed Class Counsel*